UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:24-cv-22556-BLOOM

ALONSO RHENALS,

    Plaintiff,
v.

FEDERAL EXPRESS CORPORATION,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Federal Express Corporation's ("FedEx") Motion to Dismiss, ECF No. [4], filed on July 9, 2024. Plaintiff Alonso Rhenals ("Rhenals") filed a Response, ECF No. [9], to which FedEx filed a Reply, ECF No. [12]. The Court has reviewed the Motion, the record in the case, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, FedEx's Motion is granted.

**I. BACKGROUND**

On June 5, 2024, Rhenals filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Defendant FedEx, asserting three claims: Hostile Work Environment in Violation of the Florida Civil Rights Act ("FCRA") (Count 1); Retaliation in Violation of the FCRA (Count 2); and Discrimination Based on Age in Violation of the FCRA (Count 3). ECF No. [1-1] at 9-14. Thereafter, FedEx properly removed the case to federal court pursuant to 28 U.S.C §§ 1332, 1441, and 1446.

Case No.:24-cv-22556-BLOOM/Elfenbein

The Complaint alleges as follows: FedEx employed Rhenals from October 16, 2021 until November 18, 2022.[1] ECF No. [1-1] at ¶ 11. Rhenals is a 75-year-old Hispanic male "with two MIT graduate degrees in quantitative analysis and engineering and about 50 (fifty) years of experience in those fields." *Id.* at ¶¶ 12-13. In May of 2021, Rhenals "worked on a major project" for FedEx, "which was a significant achievement of their work group." *Id.* at ¶ 14. However, two FedEx employees, Deborah Casanova ("Casanova") and Graciliana Yi ("Yi"), did not recognize Rhenals for his work on the project. *Id.* Accordingly, Rhenals "presented a technical paper in response to the misunderstanding of [his] model and lack of recognition for [his] work." *Id.* at ¶ 15. In response to Rhenals' technical paper, Casanova "accused [Rhenals] of insubordination and began a campaign of threats and intimidation towards [him]." *Id.* at ¶ 16.

In August of 2022, Rhenals "was removed from the project." *Id.* at ¶ 17. Additionally, Rhenals contends that his managers, Yi and Casanova, made an "Action Plan" for him that was "specifically created under the implied assumption that [Rhenals] was an old person who displayed cognitive decline." *Id.* at ¶ 18. Rhenals asserts that the "excuse for this Action Plan [ ] was the false implicit assumption that [he] was failing to comply with non-existing deadlines." *Id.* at ¶ 19. On November 18, 2022, FedEx terminated Rhenals' employment. *Id.* at ¶ 20. Rhenals maintains that during his employment, he "always performed the essential functions of [his] job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels." *Id.* at ¶ 21. Rhenals claims that any reasons FedEx proffers to justify the adverse employment actions are "mere pretext for unlawful discrimination." *Id.* at ¶ 22. Rhenals "previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency

---

[1] Rhenals later asserts that he worked for FedEx for over 10 years. *See id.* at ¶ 13.

responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations." *Id.* at ¶ 8.

Rhenals alleges that FedEx's hostile work environment, retaliation, and discrimination have caused him to suffer damages. *See* ECF No. [1-1].

On July 9, 2024, FedEx filed its Motion to Dismiss Rhenals' Complaint. *See* ECF No. [4]. In the Motion, FedEx argues that the Complaint is defective for several reasons.[2] First, the hostile work environment claim fails because there are no facts showing that "the alleged harassment was severe or pervasive or related to his age." *Id.* at 2. Next, the retaliation claim fails because there are no facts showing that Rhenals engaged in a legally protected activity. *See id.* Lastly, the age discrimination claim fails because there are no allegations that a younger person replaced Rhenals or that employees outside of his age group were treated more favorably nor is there any causal relationship between his age and an adverse employment action. *See id*. Rhenals responds that the Complaint adequately alleges he belongs to a protected group, and he was subjected to unwelcome harassment. He argues that the Complaint also plausibly asserts the harassment was based on his age, as evidenced by comments and actions that implied cognitive decline due to his age. Moreover, the harassment was severe and pervasive, as he was continually intimidated, subjected to threats, and ultimately terminated under false pretenses.

**II. LEGAL STANDARD**

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils–Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading must contain "a short and plain statement

---

[2] The Court notes that FedEx does not argue that Rhenals, who is 75 years old, is not part of the age-protected class.

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As a general rule, when reviewing a motion to dismiss, a Court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Although the Court is required to accept all of the factual allegations as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b) motion to dismiss, the court is limited to the facts contained in the complaint and attached exhibits. *See Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

**III. DISCUSSION**

**A. Hostile Work Environment in Violation of the FCRA (Count 1)[3]**

FedEx contends that to establish a hostile work environment claim, there must be facts showing the alleged harassment was severe or pervasive and the harassment was related to

---

[3] "Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act [such as hostile work environment and retaliation], because the Florida act was patterned after Title VII." *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998); *see also*

4

Case No.:24-cv-22556-BLOOM/Elfenbein

Rhenals' age. *See* ECF No. [4] at 3-5. FedEx argues that the Complaint fails to allege specific instances of FedEx employees harassing Rhenals that would rise to the level of severe or pervasive, and there are no facts indicating that the alleged harassment was due to Rhenals' age. *See* ECF No. [4] at 4-5. Additionally, FedEx points out that the Complaint does not assert any facts supporting whether the alleged harassment was "threatening, humiliating, or merely consisted of offensive utterances" that would create an "objectively abusive environment" in the workplace. *Id.* at 5-6.

Rhenals responds that FedEx allegedly harassed him because of "comments and actions that implied cognitive decline due to his age." ECF No. [9] at 4. Furthermore, Rhenals contends that "the harassment was severe and pervasive, as [he] was continually intimidated, subjected to threats, and ultimately terminated under false pretenses" that made it impossible for him to complete his duties on time, resulting in his "constructive discharge." *Id.* FedEx replies that Rhenals' "use of the term 'implied' to describe the comments and actions he attributes to his age…is telling and speaks to his inability to set forth facts on the most fundamental element of a hostile work environment claim—the nexus between his protected category and the harassment." ECF No. [12] at 3. Additionally, FedEx asserts that the "*Twombly/Iqbal* standard" does not require the Court to "create facts out of whole cloth to push [Rhenals'] allegations into the realm of plausibility nor to make unreasonable inferences or unwarranted deductions of fact, based off of nothing, to stave off dismissal under Rule 12(b)(6)." *Id.*

Under the FCRA, for a plaintiff to state a claim for hostile work environment he must show:

> (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms

---

*Harris v. Public Health Trust of Miami-Dade County*, 82 F.4th 1296, 1300 n.2 (11th Cir. 2023) ("Claims under Title VII and the FCRA are analyzed under the same framework"); *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010) (citing to the Eleventh Circuit's decision in *Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007) for the proposition that "federal case law on Title VII is applicable to construe the FCRA.").

5

and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or of direct liability.

*Oviedo v. Bozzuto & Assocs.*, No. 21-21772-CIV, 2021 WL 5883139, at *2 (S.D. Fla. Dec. 13, 2021) (citing *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)).

The Eleventh Circuit has stated that to evaluate the objective severity of the harassment, courts must look at the totality of the circumstances including "(1) the frequency of the conduct, (2) the severity of the conduct, (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and (4) whether the conduct unreasonably interferes with the employee's job performance." *Mosley v. MeriStar Mgmt. Co., LLC*, 137 F. App'x 248, 252 (11th Cir. 2005).

FedEx claims that the Complaint offers conclusory allegations and rote recitation of the elements of a hostile work environment claim with almost no supporting facts about the alleged harassing conduct. ECF No. [4] at 4. FedEx cites to *Oviedo v. Bozzuto & Assocs., Inc.*, for support where the court recognized that for a hostile work environment claim "[t]o be actionable, the environment must be one that both a reasonable person would find hostile, and that the victim subjectively perceived to be hostile." No. 21-21772-CIV, 2021 WL 5883139, at *2 (S.D. Fla. Dec. 13, 2021).

FedEx also cites to *Larkin v. Glaxosmithkline, LLC,* where the court found that the plaintiff did not allege sufficient facts to survive a dismissal of their sex-based hostile work environment claim. No. 8:20-CV-951-T-60CPT, 2020 WL 6801876, at *3 (M.D. Fla. Nov. 19, 2020). In *Larkin*, the plaintiff alleged several incidents over the course of two years that were not sexual in nature but rather "conduct that could potentially be considered

discriminatory." *Id.* The alleged harassment ranged from the plaintiff's employer singling her out during meetings, criticizing her for conduct that male workers were not criticized for, denying additional duties, and questioning her about her personal life. *Id.* The court found that the plaintiff failed to allege sufficient facts establishing the alleged harassment as objectively severe and pervasive because the plaintiff did not provide specific dates to establish the frequency, nor "establish the required degree of severity . . . [or] show that the conduct was physically threatening and humiliating or just a mere utterance." *Id.*

FedEx points out that the Complaint does not allege facts attesting to the severity of the harassment nor whether the harassment was physically threatening or humiliating. ECF No. [4] at 5. Plaintiff responds that he adequately alleges he belongs to a protected group, and he was subject to unwelcome harassment. Moreover, Rhenals contends that the harassment was severe and pervasive, as he was continually intimidated, subjected to threats, and ultimately terminated under false pretenses.

The Court finds the Complaint fails to plausibly assert that the alleged harassment was severe or pervasive or related to Rhenals' age. The Complaint vaguely asserts that the harassment occurred each workday, was abusive, he "continually feared harassment," and that the harassment caused Rhenals not to complete his duties. ECF No. [1-1] at ¶ 30; *see Maryam v. LSG Sky Chefs,* No. 1:23-CV-914-SDG-JKL, 2023 WL 11052639, at *5 (N.D. Ga. Sept. 7, 2023) (finding plaintiff did not plead enough facts to support that she endured severe or pervasive harassing behavior because the allegations were "too sparse and conclusory to support an inference that her supervisor's conduct [] amounted to [harassment] . . . leaving the Court to speculate as to how [the supervisor's] alleged comments and behavior might have crossed the line from boorish to 'objectively offensive

7

as to alter the "conditions" of the [plaintiff's] employment'"), *report and recommendation adopted*, No. 1:23-CV-914-SDG, 2024 WL 1195535 (N.D. Ga. Mar. 20, 2024).

Moreover, Rhenals' argument that he was subjected to age-based harassment based on "comments and actions that implied cognitive decline due to his age" is not persuasive. ECF No. [9] at 4. The allegation that Casanova accused Rhenals of being insubordinate and that Casanova began a "campaign of threats and intimidation" does not sufficiently allege when the harassment occurred, nor that Casanova engaged in the conduct due to Rhenals' age. *See* ECF No. [1-1] at ¶ 16.

Rhenals' alleged harassment is similar to what the plaintiff experienced in *Oviedo* as Rhenals' argument rests solely on: the (1) lack of recognition for his work on the project; (2) a singular accusation of insubordination; (3) removal from a project; (4) a conclusory allegation of a "campaign of threats and intimidation;" and (5) an Action Plan "specifically created under the implied assumption that Plaintiff was an old person who displayed cognitive decline." *See* ECF No. [1-1]. A lack of recognition for work is arguably not harassment, let alone objectively severe harassment. Similarly, a single accusation of disobedience does not constitute severe or pervasive conduct. *See Aristyld v. City of Lauderhill*, 543 F. App'x. 905, 909 (11th Cir. 2013) (finding that reprimands and isolated comments did not rise to the level necessary to support retaliatory hostile work environment). Moreover, courts have found that removal from an individual assignment and micromanaging are insufficient to plausibly establish a hostile work environment claim. *See Oviedo*, 2021 WL 5883139, at *2; *Ahern v. Delta Air Lines, Inc.*, 609 F.Supp.3d 1314, 1332 (S.D. Fla. 2022). Accordingly, the conduct in the Complaint does not rise to the level of objectively severe and pervasive conduct.

The Court also agrees with FedEx's argument that Rhenals failed to show the nexus between the alleged harassment and his age. ECF [12] at 3. *See Parish v. McKeever*, Case No. 9:16-CV-81623, 2017 WL 4119652, at *5 (S.D. Fla. Sept. 15, 2017) ("In an age or race-based case, harassing statements and conduct must be of a racial [or age-related] nature before they can be considered in determining whether the severe or pervasive requirement is met."); *Thompson v. McDonald,* No. 16-80811-CIV, 2019 WL 11314995, at *7 (S.D. Fla. Mar. 25, 2019) ("To be clear, a 'hostile work environment' caused by a factor other than a prohibited criterion or classification is not actionable.") *aff'd sub nom*. *Thompson v. Sec'y, U.S. Dep't of Veterans Affs.*, 801 F. App'x 688 (11th Cir. 2020). Rhenals asserts that the harassment he endured "was predicated on [him] being a male, over the age of 40 (forty)." ECF No. [1-1] at ¶ 29. However, Rhenals does not allege any facts for which this Court can conclude that he was harassed because of his age. For instance, Rhenals states that he was harassed during "each of [his] workdays" yet offers no facts to support that any of the harassment was based on a protected class—his age. *Id.* at ¶ 30. Accordingly, Rhenals fails to plausibly allege a hostile work environment claim, and therefore, FedEx's Motion to Dismiss is granted as to Count 1.

**B. Retaliation in Violation of the FCRA (Count 2)**

FedEx argues that Rhenals' retaliation claim fails because presenting his technical paper is not engaging in a legally protected activity. ECF No. [4] at 6. Specifically, FedEx points out that the Complaint does not allege that the technical paper complained about disparate treatment based on Rhenals' age, any other protected activity, or that he opposed any practice other than his managers' alleged lack of recognition for his work contributions. *Id.* at 7. Rhenals responds that his presentation of the technical paper to clarify his model was a protected activity to which his

supervisors retaliated against him by threatening him and accusing him of insubordination. ECF No. [9] at 4. Rhenals contends that his supervisors acted in response to his attempt to assert his rights and clarify his work contributions, leading to his removal from the project and, eventually, his termination. *Id.* FedEx replies that Rhenals' assertion that presenting the technical paper constituted a protected activity is a "bald legal conclusion" because the Complaint fails to allege any facts showing that the technical paper mentioned or implicated his age, let alone harassment or disparate treatment based on his age. ECF No. [12] at 3-4. Additionally, FedEx points out that the Complaint fails to identify what threats Rhenals received nor what rights his presentation was meant to vindicate. *Id.* at 4.

Under the FCRA, to establish a prima facie case of retaliation, a plaintiff "must show (1) that [they] engaged in a statutorily protected expression, (2) that [they] suffered an adverse employment action, and (3) that a causal link existed between the adverse action and [their] protected expression." *Matamoros v. Broward Sheriff's Off.*, 2 F.4th 1329, 1336 (11th Cir. 2021). Specifically, "[t]o establish a 'causal link' for purposes of the third element, a plaintiff need only demonstrate 'that the protected activity and the adverse action were not wholly unrelated.'" *Id.* To show that the employee engaged in a statutorily protected activity, "the employee must, at the very least, communicate her belief that discrimination is occurring to the employer. It is not enough for the employee merely to complain about a certain policy or certain behavior of co-workers and rely on the employer to infer that discrimination has occurred." *Webb v. R & B Holding Co.*, 992 F. Supp. 1382, 1389 (S.D. Fla. 1998); *see also Cox v. Fulton County School District*, Civ. Act. No. 1:19-cv-04520, 2022 WL 22308805, at *32 (N.D. Ga. Jan. 21, 2022) ("A complaint about an employment practice, however, constitutes protected opposition only if the individual explicitly or implicitly communicates a reasonable belief that the practice constitutes unlawful employment

discrimination against a class. In fact, the onus is on the speaker to clarify to the employer that he is complaining of unfair treatment due to his membership in a protected class and that he is not complaining merely of unfair treatment generally.") (internal citations and quotations omitted).

A person is not engaged in a legally protected activity when their alleged complaint or grievance is unrelated to statutorily protected matters. For instance, in *Arnold v. Heartland Dental, LLC*, the court dismissed the plaintiff's retaliation claim because the plaintiff failed to allege that she communicated to her employer that she was being discriminated against because of her sex. 101 F. Supp. 3d 1220, 1227 (M.D. Fla. 2015). The *Arnold* court found that although the plaintiff raised "concerns about her job security and work environment" the plaintiff failed to connect her concerns specifically to being discriminated against because of her sex. *Id.* Additionally, FedEx cites *Freese v. Wuesthoff Health Sys., Inc.*, where the court dismissed the plaintiff's claim because although the plaintiff filed a grievance in response, the grievance alleged the plaintiff was being treated unfairly for smoking, not because of a statutorily protected matter. No. 6:06CV175-ORL-31JGG, 2006 WL 1382111, at *7 (M.D. Fla. May 19, 2006).

Here, the Court finds that Rhenals has failed to adequately allege that he engaged in a statutorily protected activity. Similar to the plaintiffs in *Arnold* and *Freese*, Rhenals does not contend the technical paper communicated that the alleged lack of recognition for his work on the project was connected to a statutorily protected matter—his age. ECF No. [1-1] at ¶¶ 15-16. "The Court will not presume that a decision maker was motivated to retaliate by something unknown to him or her." *Marcelin v. Eckerd Corp. of Fla., Inc.*, No. 8:04-CV-491-T-17MAP, 2006 WL 923745, at *9 (M.D. Fla. Apr. 10, 2006). Therefore, without facts asserting that Rhenals' technical paper attributed any alleged mistreatment to his age, the technical paper cannot serve as a basis for engaging in a legally protected activity in a retaliation claim. *See Freese*, 2006 WL 1382111, at

*7 ("A complaint about treatment or discipline, unrelated to statutorily-protected matters, does not constitute protected activity, and thus cannot serve as the basis for a retaliation claim."); *Marcelin*, 2006 WL 923745, at *9 (concluding that employee action must put an employer on notice of a violation of the law to constitute a protected activity).

Furthermore, while Rhenals previously filed a charge of employment discrimination with both the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), those actions fail to support his retaliation claim. *Id.* at ¶ 8. While those actions may constitute legally protected activity,[4] Rhenals has not alleged that his employer retaliated against him for filing charges with the EEOC or the FCHR. *See generally* ECF No. [1-1]. As such, the charges may not serve as a basis for the retaliation claim as Plaintiff has not alleged any causal connection between the protected activity and the alleged retaliatory conduct. *See Matamoros*, 2 F.4th at 1337 (explaining that there must be "a causal link between the protected activity and the adverse actions"); *Schmidt v. Disney Parks, Experiences and Products, Inc.*, Case No. 6:23-cv-257, 2024 WL 1669815, at *9 n.12 (M.D. Fla. Feb. 29, 2024).

Accordingly, because Rhenals fails to plausibly allege that he was retaliated against for engaging in a statutorily protected activity, FedEx's Motion to Dismiss is granted as to Count 2.

---

[4] *Matamoros*, 2 F.4th at 1336 (noting that the "EEOC charge counts as statutorily protected expression"); *Cf. Tebo v. City of DeBary, Florida*, 784 F. App'x 727, 731 (11th Cir. 2019) (concluding that filing formal and informal EEOC complaints constitutes protected activity for the purposes of a retaliation claim); *Carter v. Health Mgmt. Assoc's*, 989 So.2d 1258, 1264 (Fla. 2d DCA 2008) ("The FCRA's participation clause 'protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the [FCHR].'" (quoting *E.E.O.C. v. Total Sys. Servs.*, Inc., 221 F.3d 1171, 1174 (11th Cir. 2000)).

### C. Age Discrimination in Violation of the FCRA (Count 3)[5]

FedEx contends that to establish an age discrimination claim, there must be facts showing that a younger person replaced the plaintiff or that people outside of the plaintiff's class were treated more favorably and that there is a causal connection between the plaintiff's age and the adverse employment action. FedEx therefore argues that Rhenals' age discrimination claim fails because he does not allege that he was replaced by a younger individual or that he was treated less favorably than younger, similarly situated individuals. ECF No. [4] at 8. FedEx points out that the Complaint's allegation that FedEx retained all employees who exhibited discriminatory conduct toward Rhenals is insufficient to state a claim because there are no facts about the alleged discrimination nor any facts regarding the age of the individuals or whether they were similarly situated. *Id.* Lastly, FedEx asserts that Rhenals fails to establish his age as a "but-for" cause for any adverse employment action, especially the Action Plan that Rhenals' supervisors created for him because the Complaint relies on an implied assumption that they made it because of his age as opposed to any factual allegations. *Id.* at 9.

Rhenals responds that the Complaint "need not set out a prima facie case, but just provide 'enough factual matter to plausibly suggest intentional discrimination.'" ECF No. [9] at 4-5 (quoting *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018). Rhenals asserts that he is a member of a protected age group and, despite being qualified, he was removed from projects, accused of insubordination, subjected to an Action Plan based on ageist assumptions, and ultimately terminated. *Id.* at 5.

---

[5] The Eleventh Circuit established that because the FCRA contains similar provisions to the federal Age Discrimination in Employment Act of 1967 (the "ADEA"), "'[a]ge discrimination claims brought under the Florida Civil Rights Act have been considered within the same framework used to decide actions brought pursuant to the ADEA.'" *Barsorian v. Grossman Roth, P.A.,* 572 F. App'x 864, 868 (11th Cir. 2014) (citations omitted).

13

Case No.:24-cv-22556-BLOOM/Elfenbein

FedEx replies that Rhenals relies purely on innuendo and legal conclusions, instead of factual allegations that Rhenals' age was the basis for the intentional discrimination. ECF No. [12] at 4-5.

Under the FCRA, to establish a prima facie case of age discrimination, plaintiff must show that he "(1) was a member of the protected age group, (2) was subject to adverse employment action, (3) was qualified to do the job, ... and (4) was replaced by a younger individual." *Saxon v. Seminole Cnty. Pub. Sch.*, No. 615CV1854ORL31GJK, 2017 WL 2538075, at *2 (M.D. Fla. June 12, 2017) (citation omitted). The fourth element may also be established by showing that "he was treated less favorably than a younger, similarly situated employee." *Sclafani v. City of Margate*, No. 22-CV-61126-RS, 2023 WL 4363537, at *3 (S.D. Fla. July 6, 2023). However, to survive a motion to dismiss, the complaint does not need specific facts establishing a prima facie case, but it "must nonetheless provide enough factual matter to plausibly suggest intentional discrimination." *Buchanan*, 727 F. App'x at 641 (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)). Lastly, "to show age discrimination, the plaintiff must [adequately allege] that age was the 'but-for' cause of the challenged decision." *Smith v. CH2M Hill, Inc.*, 521 F. App'x 773, 774 (11th Cir. 2013).

The Court finds that the Complaint fails to allege that he was replaced or treated less favorably than a similarly situated employee. FedEx persuasively cites *Hernandez v. Careersource Palm Beach Cnty., Inc.*, No. 22-CV-81149, 2023 WL 4348864, at *3 (S.D. Fla. May 4, 2023), *report and recommendation adopted*, No. 22-81149-CIV, 2023 WL 4042012 (S.D. Fla. June 16, 2023), where the court dismissed the plaintiff's sex-based discrimination claim because the complaint failed "to identify similarly situated comparators who were 'nearly identical' to Plaintiff." Similarly, the Complaint fails to indicate that Rhenals was replaced by a younger

14

individual or treated less favorably than younger, similarly situated employees. While Rhenals cites *Buchanan*, to support that a plaintiff does not need to make a prima facie showing, but only allege enough facts to plausibly suggest intentional discrimination, *Buchanan* is distinguishable. There, the plaintiff's age discrimination claim survived the motion to dismiss, however, the complaint alleged facts to establish that the employer "(ii) fired other older workers for trivial reasons, (iii) prioritized hiring younger workers, and (iv) was in the process of replacing its older workers with younger workers." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018). Here, Rhenals' assertion that FedEx retained all employees who exhibited discriminatory conduct toward him and did so, although knowing of those employees' discriminatory actions, fails to state the ages of the employees nor their qualifications for this Court to analyze whether FedEx treated him less favorably than younger, similarly situated employees. ECF No. [1-1] at ¶ 56. Without this showing, Rhenals has not plausibly alleged that the discrimination was age-based. Consequently, this Court has no facts from which to find the allegation plausible that FedEx discriminated against him because of an "implied assumption that [he] was an old person who displayed cognitive decline." *Id.* at ¶ 18.

FedEx's second argument that Rhenals' Complaint failed to put forth facts plausibly alleging that his age was the "but-for" cause of discrimination also has merit. Without this showing, Rhenals does not plausibly allege that his age was the "but-for" cause for the adverse employment actions. FedEx cites *Eldredge v. EDCare Mgmt., Inc.*, No. 12-61984, 2014 WL 590336, at *2-3 (S.D. Fla. Feb. 14, 2014), where the court dismissed the plaintiff's age discrimination claim because the allegations in the complaint did not meet the plausibility standard. Specifically, the court pointed out that, although the plaintiff pled that she was replaced by a "substantially younger female," she did not allege that her replacement was younger than 40.

15

*Id.* at *2; *see also Stelljes v. Target Corp.*, NO.: 23-60850, 2023 U.S. Dist. LEXIS 154313, at *5 (S.D. Fla. Aug. 31, 2023) (finding that the plaintiff did not establish that his age was a but-for cause for his termination because plaintiff did not allege facts regarding his replacement). Similarly, Rhenals allegation that he "would not have been the object of discrimination but for the fact that [he] is over the age of forty (40)" is not supported by facts to establish his age as the but-for cause of the alleged discrimination because it fails to show that he was replaced by a younger individual or treated less favorably than younger individuals. ECF No. [1-1] at ¶ 53.

Accordingly, Rhenals fails to plausibly allege an age discrimination claim. As such, FedEx's Motion to Dismiss is granted as to Count 3.

**IV.   CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant FedEx's Motion to Dismiss, **ECF No. [4]**, is **GRANTED.**

2. The Complaint is **DISMISSED** without prejudice.

3. The Clerk is Directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 4, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record